IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Allen B. Hudson, ) | C/A No.: 8:23-cv-6422-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Plumbers and Steamfitters Local No. ) | **ORDER AND OPINION** |
| 150 Pension Fund; Plumbers and ) | |
| Steamfitters Local Union No. 150; ) | |
| Southern Benefit Administrators, ) | |
| Incorporated, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on a motion to dismiss filed by Plumbers and Steamfitters Local Union No. 150 (the "Union"). [Doc. 21; see Doc. 27.] This motion is ripe for review.

Plaintiff originally filed this action in the Edgefield County Court of Common Pleas, alleging his retirement benefits were improperly calculated under the applicable employee pension benefit plan (the "Plan"), and asserting multiple claims for violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). [Doc. 1-1.] More specifically, Plaintiff brings claims for wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B), violation of the Exclusive Benefit Rule under ERISA, 29 U.S.C. §§ 1104(a)(1)(a), 1109, and 1132(a)(2), and Breach of Fiduciary Duty under ERISA, 29 U.S.C. § 1132(a)(3) against the Union[1], Plumbers and Steamfitters Local No. 150

---

[1] The Complaint also named Plumbers and Steam Fitters Association of Atlanta, Inc. as a Defendant and alleged that "[u]pon information and belief, Defendant Plumbers and Steam Fitters Association of Atlanta, Inc. is the successor in interest to Defendant Plumbers and Steamfitters Local Union No. 150." [Doc. 1 ¶ 5.] The Complaint references

Pension Fund ("Pension Fund"), and Southern Benefit Administrators, Incorporated ("SBAI") (collectively, "Defendants"). [Doc. 1-1 ¶¶ 53–72.]

On December 11, 2023, the Pension Fund and SBAI removed the action to this Court. [Doc. 1.] On January 19, 2024, the Union filed the instant motion to dismiss pursuant Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

In 1966, Plaintiff began working as a welder for the Union–where his father worked his whole life–and he enrolled in the Plan. [Doc. 1-1 ¶¶ 1, 21.] Plaintiff worked for and through the Union from 1966 to 1970, 1977 to 1991, and 2012 to 2019. [*Id.* ¶¶ 23, 26, 30.] In 2019, Plaintiff retired when he became fully disabled due to prolonged beryllium exposure from his welding work. [*Id.* ¶ 31.]

Plaintiff alleges that in December 2020, he applied for the Plan benefits duly earned through his work for the Union. [*Id.* ¶ 39.] The Union, and all other Defendants, had previously confirmed to Plaintiff that he had fully and irrevocably vested in the Plan. [*Id.* ¶¶ 47–48.] Nevertheless, the Union denied Plaintiff's full rightful pension benefits, asserting that he had failed to accrue the requisite years of vested service credit to receive his full pension. [*Id.* ¶¶ 49–50.]

Plaintiff alleges that the Union's calculation of Plaintiff's service credit arises from a failure to accurately record his work; specifically, an employee of the Union, Jeff Rice, had altered his punch cards. [*Id.* ¶ 50.] The punch cards from 1967, 1975, and 1976

---

the two Defendants collectively as the "Union." [*Id.*] However, on March 11, 2024, Plumbers and Steam Fitters Association of Atlanta, Inc., was dismissed without prejudice from this action. [Doc. 45.]

2

were altered to reflect only 9.875 years of vested service, rather than the proper calculation of 10 years. [*Id.*] Furthermore, Plaintiff alleges that the Union failed to credit Plaintiff with three years of military service, as required by the Plan and federal law. [*Id.* ¶¶ 22–25.] When the U.S Army honorably discharged Plaintiff, he returned to the Union office and requested to return to work, but a representative of the Union rejected him. [*Id.* ¶ 25.]

Despite evidence that Plaintiff has, in fact, accrued sufficient years of vested service, he alleges that the Union, along with the other Defendants, have wrongfully refused to pay him his full pension of $985.00 a month. [*Id.* ¶ 1.] Plaintiff alleges that the Union was the "Plan Sponsor," the "Plan Administrator Sponsor," and a "named or functional fiduciary as to the Pension Plan," and that SBAI was the "Claims Administrator of the Pension Plan when Plaintiff made his claim for Pension Plan benefits." [*Id.* ¶¶ 8–10, 61, 68.]

## APPLICABLE LAW

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion,

a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not

4

akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

## **DISCUSSION**

The Union argues that its motion to dismiss should be granted because (1) Plaintiff's first cause of action is one for benefits and the Union is not the pension fund or the plan administrator and therefore cannot approve or deny benefits; and (2) Plaintiff's second and third causes of action for breach of fiduciary duty against the Union fail because he has not alleged any facts indicating the Union was acting in a fiduciary capacity with respect to the Plan during any of the activity alleged in the Complaint. [Doc. 21.]

"ERISA governs 'employee benefit plans' that cover employees' retirement benefits, death benefits, and . . . health benefits." *Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 494 (4th Cir. 2023). The statute sets out "standards of conduct, responsibility, and obligation[s] for fiduciaries of employee benefit plans" on behalf of participants and beneficiaries. *Peters v. Aetna Inc.*, 2 F.4th 199, 215 (4th Cir. 2021) (internal quotation

5

marks omitted). Through ERISA's enactment, Congress "[struck] a difficult balance between employee rights and available employer resources." *Gable v. Sweetheart Cup Co.*, 35 F.3d 851, 859 (4th Cir. 1994).

**Claim One**

Plaintiff's first cause of action is for denial of benefits. [Doc. 1-1 ¶¶ 53–59.] ERISA provides a private cause of action for a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). As stated by the Fourth Circuit, a party with "with no control over its [the plan's] administration, is not a proper defendant in [an 1132(a)(1)(B)] action." *Gluth v. Wal–Mart Stores, Inc.*, No. 96-1307, 1997 WL 368625 (4th Cir. July 3, 1997); *see also Sawyer v. Potash Corp. of Saskatchewan*, 417 F. Supp. 2d 730, 737 (E.D.N.C. 2006) ("The party that controls administration of an employee benefits plan is the only proper defendant in an action concerning benefits under ERISA."), *aff'd*, 223 F. App'x 217 (4th Cir. 2007); *Nordman v. Tadjer-Cohen-Edelson Assocs., Inc.*, No. CV DKC 21-1818, 2022 WL 4368152, at *5 (D. Md. Sept. 21, 2022) (collecting cases and noting "the Fourth Circuit appears to be aligned with those circuits that permit a plaintiff to bring an action to recover benefits under Section 1132(a)(1)(B) against the pension plan itself as an entity *and* any fiduciaries who control the administration of the pension plan" (internal quotation marks omitted)); *Anselmo v. W. Paces Hotel Grp., LLC*, No. CA 9:09-2466-MBS, 2011 WL 1049195, at *12 (D.S.C. Mar. 18, 2011) (collecting cases and noting that "of the circuits that have addressed this issue, the majority of circuits allow suits against plan fiduciaries,

and only the Second Circuit has maintained the position that suits for benefits cannot be asserted against parties other than the plan").

Plaintiff has alleged that, at all relevant times to this lawsuit, the Union was a "Plan Sponsor" and "Plan Administrator Sponsor" of the Plan. [Doc. 1-1 ¶¶ 8–9.] Plaintiff has further alleged that Defendants, including the Union, informed him that he has been vested in the Plan since 1991, but that they failed to provide him his rightful benefits under the Plan. [*Id.* ¶¶ 46–49.]

Although the Union denies it is a Plan administrator [Doc. 21 at 3], the Union provides no case law or authority justifying the Court to disregard Plaintiff's allegations as to the Union's control over the Plan's administration. This case stands in contrast to one, where, for example, the Court had the necessary plan documents before it to determine whether an entity was a plan administrator. *See, e.g., Winburn v. Progress Energy Carolinas, Inc.*, No. 4:11-CV-03527-RBH, 2015 WL 505551, at *13 (D.S.C. Feb. 6, 2015) (noting, on cross motions for summary judgment, that "[a]s the administrative record in this case bears out, Prudential, not Progress, administered claims under the Plan" and, thus, that "Progress is not a proper defendant under § 502(a)(1)(B)"). Because there are no such records before the Court here, Plaintiff's allegations are sufficient to withstand the Union's motion to dismiss.

**Claims Two and Three**

For similar reasons, the Court concludes that Plaintiff has adequately pled that the Union is a fiduciary as relevant to his second and third causes of action for breach of fiduciary duty, where his allegations include that "[t]he Union is a named or functional fiduciary as to the Pension Plan" and that the "above-named Defendants," including the

Union, "in failing to act in accordance with terms of the Pension Plan, breached their fiduciary duty to act solely in the interest of Plaintiff and acted imprudently," and "acted outside the scope of their authority from the Pension Plan in denying claims based upon failing to recognize military service, failing to credit military hours, [and] failing to honor the Pension Plan and Law's directive to reemploy discharged soldiers to work." [Doc. 1-1 ¶¶ 61, 65, 68, 70.][2]

ERISA recognizes two types of fiduciaries: named and functional. *Peters*, 2 F.4th at 227–28. In relevant part, ERISA provides that a person is a functional fiduciary to the extent he or she exercises discretionary authority or control over plan administration or management or to the extent he or she exercises any authority or control over management or disposition of the plan's assets. *Id.*; 29 U.S.C. § 1002(21)(A).[3] Under ERISA's functional fiduciary standard, "being a fiduciary under ERISA is not an all-or-nothing situation." *Gordon v. CIGNA Corp.*, 890 F.3d 463, 474 (4th Cir. 2018). Rather,

---

[2] Plaintiff's reference to the "Law" appears to be a reference to the Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301, *et seq.* ("USERRA"), which provides upon return to work from military service, an employee is "treated as not having incurred a break in service with the employer or employers maintaining the [pension] plan by reason of such person's period or periods of service in the uniformed services." 38 U.S.C. § 4318(a)(2)(A). This section applies to plan participation and vesting, as well as accrual of benefits. 20 C.F.R. § 1002.259.

[3] As indicated above, Plaintiff has alleged that the Union is a "named or functional fiduciary" and Plan administrator. [Doc. 1-1 ¶¶ 5, 9, 61, 68.] As noted by the Fourth Circuit, "the adoption of a rule that requires a plan participant or beneficiary to allege, in every case, that the plan administrator and named fiduciary is also a functional fiduciary would undermine our obligation to liberally construe fiduciary status under ERISA." *Dawson-Murdock v. Nat'l Counseling Grp., Inc.*, 931 F.3d 269, 278 (4th Cir. 2019); *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 123 (4th Cir. 1991) (emphasizing that ERISA is a "remedial statute" that "should be liberally construed in favor of protecting the participants in employee benefits plans"); *U.S. Steel Mining Co. v. Dist. 17, United Mine Workers of Am.*, 897 F.2d 149, 152 (4th Cir. 1990) ("As the plan administrator, the fund is clearly a fiduciary.").

whether a party functions as a fiduciary is determined "with respect to the particular activity at issue" because an entity functions as a fiduciary "'to the extent'" it performs a particular function. *Coleman*, 969 F.2d at 61 (quoting 29 U.S.C. § 1002(21)(A)). "Thus, an entity can be a fiduciary for some activities and not others." *Gordon*, 890 F.3d at 474.

At this juncture, it appears Plaintiff has sufficiently alleged that the Union was a fiduciary. As noted by the Fourth Circuit, "[t]he lodestar to determining fiduciary or party in interest liability are the terms of the Plan, as ERISA requires the Plan be administered as written and to do otherwise violates not only the terms of the Plan but causes the Plan to be in violation of ERISA." *Peters*, 2 F.4th at 229 (internal quotation marks omitted); *see also, e.g., McCarrin v. Pollera*, No. 17-cv-1691, 2019 WL 4857464, at *6 (E.D. Pa. Sept. 30, 2019) (addressing on summary judgment plaintiff's ERISA claims, including breach of fiduciary duty, concerning his entitlement to pension credit for his three years of military service).

## **CONCLUSION**

Based on the above, the Union's motion to dismiss [Doc. 21] is DENIED.

s/Jacquelyn D. Austin<br>
United States District Judge

Greenville, South Carolina
April 5, 2024